Sutliff, J.
This case presents a question not heretofore, to our knowledge, settled in this state.
The rule which obtains in different states, in relation to an attachment suspending interest upon the sum attached in the hands of the garnishee, is by no means uniform.
In the State of Pennsylvania, it has been held that a garnishee is not chargeable 'with interest upon his indebtedness to the defendant in attachment during the time he *is restrained from paying, by force of the attachment; and this whether the attachment finally terminates in favor of the plaintiff or defendant. The garnishee, however, is only there entitled to the benefit of the rule, upon his standing as a mere stakeholder between the plaintiff and defendant, admitting his liability to pay to the party entitled *366 to receive the money, or, at least, not denying his liability to pay. In that state, the general rule is understood to be that the garnishee is not chargeable with interest during the time he is restrained by the attachment from paying. But if the garnishee is chargeable with fraud or collusion, or occasioning unreasonable delay, he will, in that state, be charged with interest. Fitzgerald v. Caldwell, 2 Hall. 215; Mackey v. Hodgsen, 9 Penn. St. 468.
A similar rule prevails in Maine. The garnishee is there held to be entitled to the benefit of the presumption that he was ready to pay but restrained by the attachment. And the garnishee is only chargeable with interest in that state, upon the proof of facts rebutting such presumption. Norris v. Hall, 18 Maine, 332.
So, too, in Georgia a similar rule obtains. It is there presumed, in the absence of proof of the contrary, that the garnishment restrains the garnishee from paying the money when he would otherwise have paid the same. Georgia Insurance and Trust Company v. Oliver, 1 Georgia, 38.
In Massachusetts a similar rule obtains. The presumption is there, in the absence of any proof upon the subject, that the garnishee is, by the attachment, restrained from paying, and the interest upon a debt otherwise drawing interest, is not chargeable to the garnishee. But if the proof show that the garnishee has, in fact, made use of the money during the pendency of the attachment, the presumption in his favor is thereby overcome, and he is chargeable with interest. Prescott v. Parker, 4 Mass. 170; Adams v. Cordis, 8 Pick. 270. In the latter case-the *court say: “ Prima facie, the service of the trustee writ stays the property in the hands of the trustee, and the law considers that it remains in statu quo until the judgment; but if it appears by the answer that the money is in constant use, or so mixed -up with his general funds as to form part of his trading capital, the reason of the rulo ceases, and so the rule itself ought not to be applied.”
In Virginia the garnishee is charged with interest during .the pendency of the attachment, the same as in any other action for the recovery of money, unless he pay the money into court. Tazewell’s Ex’r v. Barrett & Co., 4 Hen. & Munf. 259.
In Maryland the rule j>revailing in Pennsylvania, that the garnishee shall not bo compelled to pay interest pending the attachment, unless guilty of fraud or collusion, or unreasonable delay, has been rejected. The reason given is thus expressed: “Nothing *367 can appear to be more just and equitable than that when a debtor is positively prohibited from paying his creditor, or is prevented from doing so by the overruling calamity of war, he ought not to ' pay interest. Because in such case he is compelled against his will to become the holder or bailee of the money at his own risk.” . . . . “But in this state a garnishee in an attachment case is not thus absolutely tied up and restricted. He is not bound to hold the money at his own risk and against his consent, or longer than he chooses.” . . . “I take it to be the established law of this state that the defendant, in all actions founded on contract for the recovery of a debt, may have leave, as a matter of course, to bring the sum sued for into court, and thus put a stop to the further accumulation of interest and costs, at least for so much as he brings in.” Chase v. Munhardt, 1 Bland, 333.
It has been held in Missouri that the fact of the garnishee, in his answer, denying his indebtedness, fully rebutted the presumption ■insisted upon in his favor, that he had had the money lying idle by him to pay the indebtedness, and so ought not to be charged interest. And the *court refused to exempt the garnishee from his liability to pay interest in the case during the pendency of the attachment. “ There are cases,” says the court, “ in which the garnishee ought not, in strict justice, to be held liable for interest ; as where he comes forward, admits his indebtedness, and avows a readiness to pay the amount thereof, whenever the court shall determine who is entitled to receive it.” Stephens’ Garnishee, etc. v. Wathney, 9 Missouri, 636.
In this want of uniformity in the decisions of the other states upon the subject, owing in part to the difference in the statutes of the different states, as well as to the different views taken of the subject, wo have in the absence of any previously-established rule in this state, regarded ourselves at liberty to have respect to our own statute and practice, and endeavor to apply to the case such a rule as may, in its general application, seem most in accordance with reason and the rights of the respective parties.
Our statute of June 1, 1824, fixing the rate, and providing for the payment of interest in this state, provides “ that all creditors shall bo entitled to receive interest' on all money after the same shall become due,” . “ until such debt, money, or property shall be paid.”
The act allowing and regulating writs of attachment, of June, *368 1824, under which the attachment proceedings mentioned in the record before us, were conducted, is only to be regarded an action for the recovery of an existing indebtedness. The section under which the garnishment of defendant in error was had, simply authorizes the collection of a debt by a third person, by his creditor, instead of its being collected by the payee, the person himself to whom the same is due.
The real question before us, therefore, seems to be this: Is it incumbent upon the debtor where the general rule of law imposes •interest as an incident to delay in payment, to show a cause for a •suspension of the general rule; or is a cause of suspension to be presumed merely *from the fact of payment being demanded by the creditor of the debtor’s payee.
All the adjudications in other states referred to, seem consentaneous upon the reason for which the garnishee should be exempt from paying interest during his garnishment. And that reason is, that during the pendency of the attachment proceedings, the garnishee is, while so exempt from paying interest, holding the money as a trustee for another, and without using it, or deriving any benefit from so holding it. The exemption is put upon the ground, in Pennsylvania, that the attachment prevents the use, and receipt of profit thereby, of the money by the garnishee, and rests, consequently, upon'the same principle as the question of interest in the case of Osborn and others v. Bank of the United States, 9 Wheat. 738. But that was a case arising under positive proof of the party being put, by law, in the attitute of a stakeholder. Osborn, as the auditor of the State of Ohio, being about to enter the bank, with process, and seize upon $50,000 specie, to satisfy a delinquent tax, the bank procured, in the circuit court of the United States, the allowance of an injunction against his taking the money. But the injunction was only served upon Osborn after he had taken the money from the bank at Chilli eothe, and while on his way to the treasury at Columbus. In that case, the auditor, Osborn, in obedience to the injunction, having retained the money in his possession, in the attitude of a stakeholder between the two claimants, the bank on the one hand and the state on the other, the court very properly held that he ought not to be chargeable with interest while so restrained from using the coin in question, at the instance of the party to which it was decreed to be paid. The court say of the injunction suit in that case: “Its effect and operation were to place it (the *369 coin) in the custody of the law. The defendants could not use it, and consequently can not be charged with interest.”
And it is only upon the fact being proved or presumed that *a garnishee is in like manner restrained from using the amount of money necessary to pay his indebtedness, and that the same was by the attachment proceedings placed in the custody of the law, that the garnishee has been hold exempt from payment of interest, in the State of Pennsylvania and other states, during the attachment proceedings.
The precise question, therefore, before us, is, may such fact be presumed in favor of the debtor, or must it be proved by him, like any other defense, after the proof of his indebtedness and liability by the plaintiff?
It has already been seen that the law subjecting the debtor to the liability of paying interest in this state, continues such liability as an incident to the debt, “ until such debt, money, or property is paid.” The statute makes no exception in favor of any legal proceedings. And the exemption by reason of an injunction or garnishment seems to rest entirely upon the idea of the money being actually held by the party in readiness to be disposed of as directed by the court; and so being in the custody of the law, to be regarded a quasi payment, as if placed on deposit subject to the order of the court. Nothing short of such a state of facts, we think, should have exempted the defendant in this case from the payment of interest during the pendency of the attachment proceedings. The record shows no proof of such a state of facts in this case. It is not pretended that the defendant, either before or during the attachment, expressed a wish or even willingness to pay his indebtedness. Nor does it appear that he was ready to pay. If, then, the defendant is in law exempt from payment of interest during the time of his garnishment, for the reason that he was actually holding the money ready and willing to pay, but was prevented by the attachment proceedings, such state of facts must be presumed. But a presumption is the supposition of a truth, grounded on circumstantial or probable evidence. It should always be a natural and reasonable deduction from ^pertinent circumstances and relative existing facts, to constitute a legal presumption.
Arc there, then, any circumstances or facts shown in this case from which the defendant may reasonably be presumed to have held the money during the time of his garnishment, in readiness to pay *370 4he debt, and to have been prevented paying by such attachment jproceedings?
The facts shown by the record are, that the. debt had been due for some time previous to the attachment, and that it remained due for a long time after the attachment was dismissed or terminated, without any offer to pay on the part of the defendant. Add to this the fact that the defendant had it in his power during all the time of the attachment proceedings, whenever ready and desirous of paying, to bring the money into court and pay the same under the order of the court, upon motion or bill of interpleader, and to have released himself from further liability, and the natural presumption would seem to be, that the defendant was not ready and willing to pay.
We do not think that in such cases as the one under consideration, any presumption arises from the fact of the attachment proceedings that should exempt the garnishee from paying interest during the pendency of such proceedings. A party seeking to avail himself of an exemption from his general liability to pay interest on his indebtedness under such circumstances, must show such a state of facts as in equity entitle him to. exemption. No such state of ■facts appears upon the record in this case. We think, therefore, that the district court erred in holding that the defendant was not chargeable with interest during the pendency of the attachment proceedings, and for this cause the judgment of that court must be reversed, with costs.
Brinkerhorr, C. J., and Scott, Peck, and Gholson, JJ., concurred.